IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID RIDGWAY, *et al.,*                    *

     Plaintiffs,                          *

         v.                              *          Civil Action No.: RDB-09-1814

NOVASTAR MORTGAGE INC., *et al.,*      *

     Defendants.                       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs David and Patricia Ridgway ("Plaintiffs") filed this *pro se* action against NovaStar Mortgage, Inc. ("NovaStar"),[1] W. Lance Anderson, Chris Casey, Steve Haslam, Mortgage Electronic Registration Systems ("MERS"), R.K. Arnold, Bill Huffman, Saxon Mortgage ("Saxon"), Scott Rodeman, Steve Faulkner, K.C. Reynolds, Morgan Stanley, John Mack, Walid Chammah, Deborah Curran and Laura O'Sullivan (collectively "Defendants").[2] Plaintiffs purport to assert claims of fraud and collusion against each of the Defendants. Pending before this Court are four Motions to Dismiss (Paper Nos. 4, 6, 13 and 14) filed by different groupings of Defendants. Defendants' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, Defendants' Motions to Dismiss (Paper Nos. 4, 6, 13 and 14) are GRANTED.

---

[1] The Complaint references a "Nova Star Mortgage;" however, the correct name of the entity is NovaStar Mortgage, Inc.

[2] On or about June 9, 2009, Plaintiffs filed their Complaint in the Circuit Court for Cecil County, Maryland. On or about July 13, 2009, Defendant NovaStar removed the action to this Court because Plaintiffs allege violations under federal law.

## BACKGROUND

This Court reviews the facts relating to this claim in the light most favorable to the petitioner.  *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  Plaintiffs' unclear Complaint appears to concern a mortgage loan they received from NovaStar Mortgage, Inc.  Compl. at 2.  Plaintiffs seem to allege wrongful acts and failures by numerous companies and high-ranking corporate officers in connection with this loan.  Plaintiffs seem to claim that all of the named Defendants failed to provide documents and information at the origination of their loan.

In Counts I and II, Plaintiffs appear to dispute the validity of their debt, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et. seq.* ("RESPA").  In Counts III and IV, Plaintiffs seem to allege fraud, racketeering, and collusion with respect to the loan.  Pursuant to these claims, Plaintiffs appear to seek rescission of the mortgage loan and monetary damages.  Plaintiffs also seek clear title to the property secured by the mortgage loan and/or an affirmative injunction requiring affidavits, refunds and payment histories.

## STANDARD OF REVIEW

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a).  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), and therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Under the

plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555.  Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See id.* (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.*  The Supreme Court has recently explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  On a spectrum, the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement."  *Id.*  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  At bottom, the court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief.  *Id.*

## ANALYSIS

### I.      Personal Jurisdiction

When a court's personal jurisdiction over a nonresident defendant is challenged by a motion under Federal Rule of Civil Procedure 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

In order for a court to exercise personal jurisdiction over a non-resident defendant, two conditions must be satisfied: "(1) the exercise of jurisdiction must be authorized under the state's long-arm statute and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst*, 334 F.3d at 396.  Although it is well-established that the outer limits of the Maryland long-arm statute are "co-extensive" with due process requirements, the Maryland Court of Appeals recently noted that analysis under the long-arm statute remains a requirement of the personal jurisdiction analysis.  *Mackey v. Compass Mktg, Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006); *see also Carefirst*, 334 F.3d at 396-97; *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135 (4th Cir. 1996); MD CODE ANN., CTS. & JUD. PROC. § 6-103 (Maryland long-arm statute).  In order for the exercise of personal jurisdiction to comport with due process, a non-resident defendant must have sufficient "minimum contacts" with the forum state that requiring it to defend itself within the forum state "does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

Here, Defendants Anderson, Casey, Haslam, Faulkner, Reynolds, Rodeman, Mack, Chammah, Arnold and Hultman maintain that Plaintiffs' claims against them should be dismissed for lack of personal jurisdiction.[3]   As an initial matter, each of these individual Defendants are nonresident officers of one of the named corporate defendants.  NovaStar Mortgage employees Anderson, Casey and Haslam are residents of Kansas and Missouri, respectively.  NovaStar Mot. to Dismiss Exs. A, B, and C.  Saxon Mortgage employees Faulkner, Reynolds and Rodeman are all residents of Texas.  Saxon Mot. to Dismiss. Exs. 1, 2 and 3.  Morgan Stanley employees Mack and Chammah are both residents of New York.  Saxon Mot. to

---

[3] Only individual Defendants Curran and O'Sullivan do not challenge personal jurisdiction.

Dismiss at 6-7.  MERS employees Arnold and Hultman are each residents of Virginia.  Morgan Stanley Mot. to Dismiss Exs. 1 and 2.

In addition, even construing all facts in Plaintiffs' favor, this Court finds that Plaintiffs have failed to allege any specific facts connecting any of these Defendants to the State of Maryland.  There is no evidence that any of these Defendants have ties to Maryland or that they have availed themselves of the privilege of conducting activities in the state.  Plaintiffs' causes of action do not arise out of activities with any of these Defendants in the state of Maryland.  Accordingly, Plaintiffs have failed to make a *prima facie* showing with respect to the contacts necessary to justify personal jurisdiction.

Although Plaintiffs have not raised the issue, this Court notes that these Defendants would not be subject to this Court's jurisdiction simply by virtue of their corporations' activities in Maryland.  A non-resident corporate officer is not subject to this Court's personal jurisdiction simply by virtue of his or her corporation's activities in Maryland.  *See, e.g., Glynn v. EDO Corp.*, 536 F. Supp. 2d 595, 604 (D. Md. 2008) ("[S]imply because Caprario and Puzzo worked for IST does not make them subject to jurisdiction wherever IST might be sued."); *Harte-Hanks Direct Mky v. Varilease Tech.*, 299 F. Supp. 2d 505, 513 (D. Md. 2004) ("Personal jurisdiction over an individual officer, director, or employee of a corporation does not automatically flow from personal jurisdiction over the corporation.").  In this case, Plaintiffs fail to specify a single act or omission by any of these individual Defendants, nor explain how the individual Defendants are responsible for the alleged conduct by the named corporate defendants.  *AGV Sports Gp, Inc. v. Protus IP Solutions, Inc.*, No. 08-3388, 2009 WL 1921152, *7 (D. Md. July 1, 2009) (holding that a plaintiff must specifically allege how each officer was individually responsible for the alleged wrongful conduct).  Thus, Plaintiffs have failed to plead any facts that

would confer personal jurisdiction over individual defendants Anderson, Casey, Haslam, Faulkner, Reynolds, Rodeman, Mack, Chammah, Arnold and Hultman.


## II.      Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 8(a), a party seeking relief must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Moreover, the averments of a complaint must be "simple, concise, and direct." *Id.* at 8(e)(1).  Dismissal is appropriate where the complaint is "so confused, ambiguous, vague or otherwise so unintelligible that its true substance, if any, is well disguised." *Blackstone v. I.R.S.*, No. 98-2648, 1998 WL 796738, *1 (D. Md. Sept. 30, 1998) (dismissing plaintiffs' complaint which consisted of "a confusing amalgam of quotations taken from various cases, statutes, and regulations, which the court construes as a complaint") (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Plaintiffs' Complaint fails to state a claim against any of the individual defendants and any of the named corporate defendants – NovaStar, MERS, Saxon, and Morgan Stanley.  In Counts I and II, Plaintiffs purport to assert several claims under the Truth in Lending Act and the Real Estate Settlement Procedures Act against all of the named Defendants.  Yet, Plaintiffs do not specify acts by any of the Defendants took that could form the basis of a claim under either Act.  Instead, Plaintiffs generally plead legal conclusions, for example: "Nova Star Mortgage et al has failed to make the disclosures required by [TILA]," Compl. at 2-3, and, "I was not given the HUD booklet on loans within 3 days of making application nor was I given a Good Faith Estimate within three days of making application as required by [RESPA]."  Compl. at 2-4.  The

closest Plaintiffs come to stating a claim under TILA is their allegation that they were not given a "3 day cool off period . . . prior to the signing of the Loan." Compl. at 2.  However, TILA specifies that any "cooling off" period is to take place *after* the consummation of the transaction or the delivery of the information and rescission forms.[4]  *See* 15 U.S.C. § 1635(a).  Plaintiffs' purported claims under RESPA also fail since it does not provide a private right of action.  *See* 12 U.S.C. § 2604; *Collins v. FHMA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1998) (holding that there is no private right of action to enforce the good faith estimate requirements); *see also Clayton v. Raleigh Federal Sav. Bank,* No. 96-1696, 1997 WL 82624, * 1 (4th Cir. 1997) (finding no private right of action under 12 U.S.C. § 2609, where there is no express statement of such a right in the statute).  Thus, Counts I and II must be dismissed.

Counts III is even more vague and therefore fail to state a claim.  Count III contains seventeen statements, each directed at an unidentified "[y]ou." Compl. at 3-4.  The statements seem to concern allegations about the funding and servicing of plaintiffs' loan.  *Id*.  However, Plaintiffs fail to specify who is responsible for what conduct.  Furthermore, Plaintiffs' statements about the funding of mortgage loans are not only vague, but comprised of unintelligible allegations about "original charge slips." Compl. at 4.  Because any claims Plaintiffs might have are "disguised" by their vague and confusing Complaint, the pleading requirements of Rule 8 are not satisfied, and Count III must be dismissed.

Count IV seems to assert claims for fraud, racketeering and collusion.  These claims must also be dismissed for failure to allege sufficient factual support.  Since each of these claims appear to be grounded in the alleged fraud, they are subject to the heightened pleading standards

---

[4] Even if Plaintiffs had appropriately alleged that they did not receive the appropriate cooling off period after the consummation of the loan, such a claim would only be appropriate against NovaStar, since Plaintiffs have not raised a single factual allegation against the remainder of the Defendants related to the origination of the loan.

of Federal Rule of Civil Procedure 9(b), which requires: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  In order to meet this standard, a plaintiff must make particular allegations of the time, place, speaker and contents of the allegedly false acts or statements.  *Adams v. NVR Homes, Inc.,* 2000 U.S. Dist. LEXIS 9324, *12 (D. Md. 2000).  Plaintiffs not only fail to identify which Defendants committed the alleged fraud, they do not allege almost any other details.  Because Plaintiffs do not support their fraud claim with any details that would shed light onto their claim, Count IV must be dismissed.

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (Paper Nos. 4, 6, 13 and 14) are GRANTED and Plaintiffs' Complaint is DISMISSED.  A separate Order follows.

Dated: December 30, 2009                              /s/_____

                                                      Richard D. Bennett

                                                      United States District Judge